IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| CHRISTOPHER MEYER and JOSEPH PERALTA, individually and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br>v.<br>THE LANDTEK GROUP, INC.,<br><br>Defendant. | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Christopher Meyer ("Meyer") and Joseph Peralta ("Peralta") (collectively, "Plaintiffs") on behalf of themselves and all persons similarly situated, bring this Complaint against Defendant The Landtek Group, Inc. ("Defendant" or "Landtek"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York state law. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### I.   JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims, because those claims derive from a common nucleus of operative facts with the FLSA claims.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this District and Defendant is headquartered in this District.

1

## II. **PARTIES**

4. Plaintiff Christopher Meyer ("Meyer") was employed by Defendant as a Construction Laborer in Nassau County New York, between approximately June 2015 and April 2016. Pursuant to 29 U.S.C. § 216(b), Meyer has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

5. Plaintiff Joseph Peralta ("Peralta") was employed by Defendant as a Construction Laborer in Nassau County New York, between approximately June 2013 and June 2016. Pursuant to 29 U.S.C. § 216(b), Peralta has consented in writing to being a Plaintiff in this action. *See* Exhibit B.

6. The Landtek Group, Inc. ("Defendant" or "Landtek"), is a privately held corporation operating throughout the United States, including in this District. Landtek is incorporated in New York and maintains its corporate headquarters in Amityville, New York.

7. Landtek is a general contracting company which performs construction work for governmental entities and private parties.

8. Landtek's general contracting services include: project management, site development, athletic field construction, concrete work, asphalt work, curb and sidewalk repair, fencing, and landscape restoration.[1]

9. A substantial part of Landtek's business includes performing construction work for governmental entities in which it is obligated to pay its construction employees, including Plaintiffs, a "prevailing wage" under various federal, state and/or local laws, including the Davis Bacon Act ("DBA"), 40 U.S.C. §§ 3141 *et seq.*, and the New York Labor Law ("NYLL"), §§ 220 *et seq.*

---

[1] *See* http://www.landtekgroup.com/general-contracting/ (last accessed 1/11/2017).

10. Landtek employed Plaintiffs and continues to employ similarly-situated employees.

11. Landtek, a large general contracting construction company operating in ten states, employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

12. Landtek's annual gross volume of business exceeds $500,000.

13. Landtek is not an independently-owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## III. CLASS DEFINITIONS

14. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of the following class of potential opt-in litigants:

> All current and former employees of The Landtek Group, Inc. ("Landtek") who performed work as a Construction Laborer (or an equivalent position) in New York in any workweek in the past three years ("FLSA Class").

15. Plaintiffs bring Counts II IV, V, and VI of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of themselves and the following class:

> All current and former employees of The Landtek Group, Inc. ("Landtek") who performed work as a Construction Laborer (or an equivalent position) in New York at any time between January 11, 2011 and the present (the "New York Class").

16. Plaintiffs also bring Count III of this lawsuit as a class action pursuant to FED. R. CIV. P. 23, on behalf of themselves and the following class:

> All current and former employees of The Landtek Group, Inc. ("Landtek") who performed work as a Construction Laborer (or an equivalent position) pursuant to any state, county or municipal Public Works Contract in New York at any time between January 11, 2011 and the present (the "Public Contract Class").

17. The FLSA Class, New York Class, and Public Contract Class are collectively referred to herein as the "Classes."

3

18. Plaintiffs reserve the right to redefine the Classes prior to class certification, and thereafter, as necessary.

## IV. FACTS

19. Landtek employs members of the Classes throughout New York.

20. From June 2015 through April 2016, Plaintiff Meyer was employed by Landtek as a Construction Laborer in the concrete division.

21. From June 2013 through June 2016, Plaintiff Peralta was employed by Landtek as a Construction Laborer in the concrete division.

### A. Failing to Pay Prevailing Wages for Public Contract Work

22. The requirement to pay prevailing wages under the NYLL § 220 applies to the specific task or the type of work activity performed by an employee for the duration of time in which the employee performs such a task.[2] For example, if an employee working under a prevailing wage contract performs in a given day five hours of basic laborer work and three hours of Asphalt Raking work, that employee must be paid five hours of wages at the applicable basic laborer prevailing rate and three hours of wages at the applicable Asphalt Raker prevailing rate.

23. Under the NYLL § 220, a public works contractor is required keep original payrolls showing the hours and days worked by each employee, the occupation at which the employee worked, and the hourly wage paid and the supplements paid or provided.

24. Upon information and belief, Landtek entered into contracts with various public bodies, either as general contractor or subcontractor, to provide construction services on roadways, sidewalks and other public work projects within the State of New York ("Public Contracts"), which

---

[2] *See*, *e.g.*, Frequently Asked Questions Regarding Public Work – Article 8, Section 220, NYS Labor Law at IV.F. Available at: http://www.labor.state.ny.us/workerprotection/publicwork/PDFs/Article8FAQS.pdf (last accessed 1/11/2017).

were subject to the NYLL and its prevailing wage requirements.

25. By way of example, on or about 2012, Landtek entered into a contract with the Township of Oyster Bay, Nassau County to provide construction services on sidewalks and roadways within the Township. Landtek entered into similar public works contracts with the Town of Hempstead, Nassau County, and the Town of Islip, Suffolk County, during the time period relevant to this action.

26. Upon information and belief, the Public Contracts obligated Landtek to pay its employees who perform work within the scope of the Public Contracts, at applicable prevailing wages set by the New York State Department of Labor ("NYSDOL"), for all hours worked, and at an overtime rate for hours worked in excess of 40 in a workweek, eight (8) hours in a day, and hours worked on a Saturday or Sunday.

27. As Landtek's employees performing work subject to the Public Contracts, Plaintiffs were intended third-party beneficiaries of the Public Contracts.

28. As required by the NYLL, § 220, a schedule of minimum employee wages and benefits is to be annexed to a public contract. Upon information and belief, such a schedule was annexed to or otherwise incorporated into each of the Public Contracts. Moreover, even if such a schedule were not expressly incorporated in the Public Contract, by operation of law and/or public policy, such a schedule was impliedly incorporated into the Public Contracts.

29. The promise to pay prevailing wages and benefits as stated or incorporated into the Public Contracts is made for the benefit of all workers performing work under the Public Contracts, and thus Plaintiffs and all other similarly situated Landtek employees are the intended beneficiaries of the Public Contracts.

30. Plaintiffs should have been paid the applicable prevailing wages and supplemental

benefits (at applicable daily and weekly overtime rates) according to the schedules. Exemplars of the schedules applicable to this action are attached hereto as Exhibits C, D, and E.

31. By way of example, the prevailing wage requirements for laborers performing the following work tasks in Nassau and Suffolk Counties for the period July 1, 2013 – June 30, 2014 is:

    a. Laborer – Heavy & Highway Group #1: Asphalt Rakers, Concrete Curb Formsetters: $43.47 wages; $25.51 supplemental benefits on hours worked below forty (40) in a workweek, $15.52 in supplemental benefits thereafter;

    b. Laborer – Heavy & Highway Group #2: Asphalt Shovelers, Roller Boys and Tampers: $42.36 wages; $25.51 supplemental benefits on hours worked below forty (40) in a workweek, $15.52 in supplemental benefits thereafter;

    c. Laborer – Heavy & Highway Group #3: Basic Laborer, Power Tool (Jackhammer), Landscape Construction, Traffic Control Personnel (flaggers): $38.97 wages; $25.51 supplemental benefits on hours worked below forty (40) in a workweek, $15.52 in supplemental benefits thereafter. *See* Ex. C.

32. The prevailing wage requirements for cement masons in Nassau and Suffolk Counties for the period July 1, 2013 – June 30, 2014 is $45.63 in wages and $32.37 in supplemental benefits per hour. *See* Ex. D.

33. The prevailing wage requirements for brick/block layers in Nassau and Suffolk Counties for the period July 1, 2013 – June 30, 2014 is $53.71 in wages and $23.08 in supplemental benefits per hour. *See* Ex. E.

34. With regard to work performed under the Public Contracts, Landtek compensated Plaintiffs and other Construction Laborers at the lowest paid laborer classification, Laborer –

Heavy & Highway Group #3, regardless of the nature of the work activity performed.

35. For example, Plaintiff Meyer performed substantial Concrete Curb Form-setting and Asphalt Raking work, which should have been paid at Laborer Group #1 rates, but was instead paid at Laborer Group #3 rates. Plaintiff Meyer also performed substantial Asphalt Shoveling work, which should have been paid at Laborer Group #2 rates, but was instead paid at Laborer Group #3 rates.

36. Similarly, Plaintiff Peralta performed substantial Asphalt Raking and Asphalt Shoveling work which should have been paid at Laborer Group #1 and Laborer Group #2 rates respectively, but was instead paid at Laborer Group #3 rate. Plaintiff Peralta also performed substantial Cement Masonry and Bricklaying work, which should have been paid at the Cement Mason and Brick/block layer rates respectively, but was instead paid at Laborer Group #3 rate.

37. To the extent Plaintiffs performed work in other localities or performed work subject to other prevailing wage laws, Plaintiffs should have been paid the applicable prevailing wages and supplemental benefits (at any applicable overtime rates) for such work.

38. To the extent members of the putative New York Class performed work in more than one classification described in paragraphs 30-33, each class member should have been paid the prevailing wage and supplemental benefit corresponding to the relevant classification for each hour of work that was performed in each said classification.

**B.** **Off the Clock Work**

39. Plaintiffs were regularly required by their supervisors to show up at Landtek's yard in the Township of Oyster Bay, New York (the "Oyster Bay Yard") at approximately 5:30 a.m. or 6:00 a.m.

40. If Plaintiffs and the members of the Classes did not show up at the Oyster Bay Yard at the required time in the morning, their supervisors would send them home without pay.

7

41. Upon arrival, Plaintiffs were required to, among other things, load trucks and trailers with tools, materials, equipment, sod, soil, concrete fill, and set and load forms, listen to instructions from supervisors, perform maintenance tasks, or wait to be instructed to travel to that day's construction work site.

42. After trucks were loaded and supervisors gave instructions, Plaintiffs and work crews would typically travel to the day's construction work site.

43. Travel to a work site would take anywhere from 5 – 40 minutes, depending on distance of a given work site and traffic conditions.

44. After Plaintiffs arrived at the work site, they would perform construction work at the work site until at least 3:30 p.m., with the exception of a 30 minute unpaid lunch break.

45. At approximately 3:30 p.m. on most days, Plaintiffs ceased performing construction work at the work site, and spent approximately five minutes packing up tools and equipment in work trucks, and then traveled back to the Oyster Bay Yard.

46. Sometimes, Plaintiffs would stop off at a dumping yard near the Oyster Bay Yard to dump rubbish. Plaintiffs were not compensated for this work time.

47. At approximately 4:00-4:15 p.m., exact time dependent on traffic conditions and distance of travel, Plaintiffs would arrive at the Oyster Bay Yard, unload and put away tools and equipment for approximately five (5) minutes.

48. Landtek did not compensate Plaintiffs for any work performed prior to 7:00 a.m. on a workday.

49. Landtek did not compensate Plaintiffs for any work performed after 3:30 p.m. on a workday, unless Plaintiffs continued to perform work at a work site after 3:30 p.m., and even then Landtek only compensated Plaintiffs for work performed at the work site.

50. On a given work day, Plaintiffs were typically compensated for only eight hours, though they worked approximately ten hours on average.

51. Plaintiffs were compensated at an overtime premium only in work weeks in which they performed more than 40 hours of construction work at the work site.

52. Landtek does not maintain accurate records of the hours that Plaintiffs and the Classes worked each workday and the total number of hours worked each workweek as required by the FLSA and state laws. *See* 29 C.F.R. § 516.2(a)(7) (under the FLSA an employer is required to maintain and preserve payroll or other records containing hours worked each workday and total hours worked each workweek for three years); NYLL §§ 195, 220, 661, *et seq.* (an employer is required to maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked).

53. As a large general contracting construction company operating in ten states, there is no question that Landtek has access to human resource expertise and legal counsel who can advise Landtek on its wage and hour compliance obligations.

54. Landtek has acted willfully and with reckless disregard of clearly-applicable FLSA and state law provisions by failing to compensate Plaintiffs and the Classes for hours worked in excess of 40 during the workweek, and by failing to maintain and preserve accurate records of hours that Plaintiffs and the Classes worked.

## V. COLLECTIVE ACTION ALLEGATIONS

55. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

56. Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

57. Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29

9

U.S.C. § 216(b), because, *inter alia*, all such individuals worked as Construction Laborers pursuant to Landtek's previously described common pay practices and, as a result of such practices, were not paid the full and legally-mandated overtime premium for hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Landtek's common compensation, timekeeping and payroll practices.

58. Specifically, Landtek typically paid Plaintiffs and the FLSA Class according to an eight (8) hour day of 7:00 a.m. to 3:30 p.m. excluding a thirty (30) minute unpaid lunch, regardless of the number of actual hours worked, and failed to pay overtime as required by law.

59. The similarly-situated employees are known to Landtek, are readily identifiable, and may be located through Landtek's records and the records of any payroll companies that Landtek utilizes. Landtek employs many FLSA Class Members throughout the United States. These similarly-situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## VI. **CLASS ACTION ALLEGATIONS**

60. Plaintiffs bring this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of themselves and the New York Class and Public Contract Class defined above.

61. The members of the New York Class and Public Contract Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of both the New York Class and Public Contract Class.

62. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class and Public Contract Class because there is no conflict between the claims of Plaintiffs and those of the New York Class and Public Contract Class, and Plaintiffs' claims are typical of

the claims of the New York Class and Public Contract Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

63. There are questions of law and fact common to the proposed New York Class and Public Contract Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Landtek has violated and continues to violate the Public Contracts and the laws of New York through its policy or practice of not paying its employees for all hours worked, at applicable prevailing wages and supplemental benefits, and at applicable overtime rates.

64. Plaintiffs' claims are typical of the claims of the New York Class and Public Contract Class in the following ways, without limitation: (a) Plaintiffs Meyer and Peralta are members of the New York Class and Public Contract Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class and Public Contract Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and Public Contract Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the New York Class and Public Contract Class members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the New York Class and Public Contract Class members.

65. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the New York Class and Public Contract Class predominate over any questions affecting only individual Class members.

66. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class and Public Contract Class are readily identifiable from Landtek's own employment records. Prosecution of separate actions by individual members of the New York Class and Public Contract Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Landtek.

67. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class and Public Contract Class members, while substantial, are not great enough to enable them to maintain separate suits against Landtek.

68. Without a class action, Landtek will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the New York Class and Public Contract Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
### VIOLATION OF THE FLSA – UNPAID OVERTIME
**(On Behalf of the FLSA Class)**

69. All previous paragraphs are incorporated as though fully set forth herein.

70. The FLSA requires that covered employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

71. Landtek is subject to the overtime requirements of the FLSA because Landtek is an

employer under 29 U.S.C. § 203(d).

72. During all relevant times, Plaintiffs and the FLSA Class were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

73. During the period between June 2015 and April 2016, Plaintiff Meyer regularly worked over forty hours a week.

74. During the period between June 2013 and June 2016, Plaintiff Peralta regularly worked over forty hours a week.

75. Landtek's compensation scheme applicable to Plaintiffs and the FLSA Class failed to comply with 29 U.S.C. § 207(a)(1).

76. Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

77. Landtek failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week.

78. Landtek's misconduct, as alleged herein, was willful as it either knew of or showed reckless disregard for its obligations to compensate Plaintiffs and the FLSA Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

79. During all relevant times, Plaintiffs and the FLSA Class were covered employees entitled to the above-described FLSA protections.

80. In violating the FLSA, Landtek acted willfully and with reckless disregard of clearly applicable FLSA provisions.

81. In violating FLSA, on information and belief, Landtek did have any good faith basis to rely on any legal opinion or advice to the contrary.

# COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW – UNPAID OVERTIME
### (On Behalf of the New York Class)

82. All previous paragraphs are incorporated as though fully set forth herein.

83. The New York Labor Law ("NYLL") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* NYLL, Article 19, §§ 650 *et seq.* and 12 NYCRR 142-2.2.

84. Landtek is subject to the overtime requirements of the NYLL because Landtek is an employer under NYLL § 651(6).

85. During all relevant times, Plaintiffs Meyer and Peralta and the New York Class were covered employees entitled to the above-described NYLL's protections. *See* NYLL § 651(5).

86. During the period between June 2015 and April 2016, Plaintiff Meyer regularly worked over forty hours a week.

87. During the period between June 2013 and June 2016, Plaintiff Peralta regularly worked over forty hours a week.

88. Landtek, in the absence of good faith, failed to compensate Plaintiffs Meyer and Peralta and the New York Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of NYLL, Article 19, §§ 650 *et seq.* and 12 NYCRR 142-2.2.

89. Pursuant NYLL § 663(1), employers, such as Landtek, who in the absence of good faith fail to pay an employee wages in conformance with the NYLL and applicable regulations shall be liable to the employee for the wages or expenses that were in the absence of good faith not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

90. In violating the NYLL, Landtek acted without good faith with respect to compliance with clearly applicable NYLL provisions.

## COUNT III
## BREACH OF CONTRACT
### (On Behalf of the Public Contract Class)

91. All previous paragraphs are incorporated as though fully set forth herein.

92. Upon information and belief, the state, county or municipal Public Contracts entered into by Landtek contained schedules of the prevailing rates of wages and supplemental benefits, at applicable weekly and daily overtime rates, to be paid to Plaintiffs performing work with the scope of the Public Contracts.

93. The prevailing rates of wages and supplemental benefits were made part of the Public Contracts for the benefit of Plaintiffs and other workers performing work thereunder, including the Public Contract Class. In the event the contracts Landtek entered into did not explicitly contain prevailing wage schedules, the prevailing wage requirements were incorporated into the Public Contracts as a matter of law, thereby obligating Landtek to compensate Plaintiffs for all hours worked, at applicable prevailing wages and supplemental benefits at applicable daily and weekly overtime rates.

94. Landtek's failure to compensate Plaintiffs at the correct prevailing wages and supplemental benefits, at applicable daily and weekly overtime rates, constituted a material breach of the Public Contracts.

95. As a result of Landtek's failure to pay Plaintiffs the correct prevailing rates of pay, Plaintiffs are entitled to relief under New York contract law.

# COUNT IV
## UNJUST ENRICHMENT & QUANTUM MERUIT
**(Pled in the Alternative)**
**(On Behalf of the New York Class)**

96. All previous paragraphs are incorporated as though fully set forth herein.

97. Landtek has received and benefited from the uncompensated labors of Plaintiffs Meyer and Peralta and the New York Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

98. At all relevant times hereto, Landtek devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs Meyer and Peralta and the New York Class without compensating them for all hours worked, at the applicable prevailing rates of pay and overtime rates.

99. Contrary to all good faith and fair dealing, Landtek induced Plaintiffs Meyer and Peralta and the New York Class to perform work while failing to pay them for all hours worked, at the applicable prevailing rates of pay and overtime rates.

100. By reason of having knowingly secured the work and efforts of Plaintiffs Meyer and Peralta and the New York Class without compensating them for all hours worked, at the applicable prevailing rates of pay and overtime rates as required by law, Landtek enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs Meyer and Peralta and the New York Class. Landtek retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

101. Accordingly, Plaintiffs Meyer and Peralta and the New York Class are entitled to judgment in an amount equal to the benefits unjustly retained by Landtek.

# COUNT V
## NYLL WAGE STATEMENT VIOLATIONS
### (On Behalf of the New York Class)

102. All previous paragraphs are incorporated as though fully set forth herein.

103. Landtek has willfully failed to supply Plaintiffs and New York Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing Plaintiffs' overtime rate or rates of pay if applicable; and an accurate count of the number of hours worked, including overtime hours worked if applicable.

104. Due to Landtek's violations of the NYLL, Plaintiffs and the New York Class Members are entitled to recover from Defendant one hundred dollars ($100.00) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly-situated, seek the following relief:

A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the New York Class and the Public Contract Class;

D. Back pay damages (including unpaid compensation for all hours worked, at the

17

applicable prevailing rates of pay and overtime rates) and prejudgment and post-judgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Fifty dollars ($50.00) per Plaintiff and each Class Member for each workweek that the violations of the wage notice provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the New York Class Members as provided for by NYLL, Article 6 § 198(1-d);

G. One Hundred dollars ($100.00) per Plaintiff and each New York Class Member for each workweek that the violations of the wage statement provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500.00) per Plaintiff and each New York Class Member as provided for by NYLL, Article 6 § 198(1-d);

H. Injunctive relief requiring Landtek to comply with all applicable federal and state laws and cease its illegal practices;

I. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

J. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: January 11, 2017

Respectfully submitted,

s/ Russell D. Paul, Esq.
Russell D. Paul, Esq.
Shanon J. Carson, Esq.*
Sarah R. Schalman-Bergen, Esq.*
Eric Lechtzin, Esq.*
Alexandra K. Piazza, Esq.*
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
T. (215) 875-3000
F. (215) 875-4604
E. rpaul@bm.net, scarson@bm.net, sschalman-bergen@bm.net, elechtzin@bm.net
apiazza@bm.net
*Attorneys for Plaintiffs*

*\*Pro-Hac Vice Application to be filed*